# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| KENNETH CRAIG MILLER, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | Case No. 2:17-cv-00496-JRG-RSP |
| v. | § | |
| CITY OF EAST MOUNTAIN ET AL, | § | |
| Defendants. | § | |

## ORDER

The Magistrate Judge previously filed his Report and Recommendation (Dkt. No. 130), recommending that Defendant Gregg County's Motion to Dismiss (Dkt. No. 92) be granted. The Magistrate Judge has also filed his Report and Recommendation (Dkt. No. 129), recommending that Defendant Upshur County's Motion to Dismiss (Dkt. No. 103) be granted.

Plaintiff has now filed Objections to both of these Reports. (Dkt. No. 133; Dkt. No.137.) After reviewing Plaintiff's objections, the Court finds that the objections are without sufficient merit. The recommendations provided within the two reports (Dkt. No. 130; Dkt. No. 133) are therefore ADOPTED, and Plaintiff's claims against Defendants Gregg County and Upshur County are DISMISSED WITH PREJUDICE.

The Reports recommended that Plaintiff's § 1983 claims for conspiracy to subject Plaintiff to a sham trial be dismissed with prejudice. (Dkt. No. 129 at 4; Dkt. No. 130 at 3.) For both counties, the Magistrate Judge reasoned that their respective District Attorney was

acting as an agent of the state and that Plaintiff had not otherwise identified a county policy that caused harm to him. (Dkt. No. 129 at 3–4; Dkt. No. 130 at 2.)

Plaintiff argues that *Turner v. Upton County* provides a basis for concluding that the district attorneys could be considered a final policymaker for their counties. 915 F.2d 133 (5th Cir. 1990). In that case, the Fifth Circuit concluded that sufficient facts had been presented to show that the sheriff was a final policymaker, that the district attorney was conspiring with the sheriff to subject the plaintiff to a sham trial, and that the county could be vicariously liable for the acts of the district attorney as a co-conspirator. *Turner*, 915 F.2d at 137. The Fifth Circuit emphasized the narrow holding of that case:

> In stating that the county could be held liable not only for the sheriff's participation in the conspiracy, but could be held directly or vicariously liable as well for the actions of his alleged coconspirator, we carefully distinguish this premise for vicarious liability from that prohibited by *Monell*, in which 'the sold nexus between the employer and the tort is the fact of the employer-employee relationship.'

*Id*. at 137–38. The Fifth Circuit has further emphasized the narrow holding of *Turner* in a subsequent case. *Culbertson v. Lykos*, 790 F.3d 608, 624 (5th Cir. 2015) ("[In *Turner*, we] did not hold that the district attorney was a final policymaker for any relevant function but held he was a possible co-conspirator for which the county might be liable.").

Unlike the plaintiff in *Turner*, Plaintiff here fails to show that any person was acting as a policymaker for either county with respect to the claim at issue. In *Turner*, the plaintiff sufficiently pled facts that the county sheriff was a policymaker for the county with respect to the claim at issue. Plaintiff fails to do so here as he does not allege that either county sheriff committed any acts that are related to the prosecution of claims against Plaintiff.

Further, the Fifth Circuit has stated that the district attorney is an agent of the state and is not a policymaker for the county when acting in his prosecutorial capacity. *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997) ("Texas law makes clear, however, that when acting in the prosecutorial capacity to enforce state penal law, a district attorney is an agent of the state, not of the county in which the criminal case happens to be prosecuted."); *see also* Tex. Const. art. V, § 21 ("The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties"); Tex. Code Crim. Proc. Ann. art. 2.01 ("Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom. . . ."). Here, the allegations within the Complaint on the conspiracy claim are only directed at the district attorneys' actions that were taken in their prosecutorial capacities. (Dkt. No. 87 at ¶¶ 67–70, 132–33, 137.) Consequently, Plaintiff has not adequately shown that any person was acting as a policymaker for either county with respect to the conspiracy claim, so the Magistrate Judge's recommendation to dismiss this claim is ADOPTED for both Reports.

Plaintiff also objects to the Magistrate Judge's recommendation that his claims for a violation under the equal protection clause against Gregg County be dismissed. (Dkt. No. 137 at 6–8.) The Gregg County Report acknowledges the statement that the Sheriff "refused to investigate, report or prosecute at least ten crimes reported by Miller" reported by Miller. (Dkt. No. 130 at 3.) However, the Gregg County Report addressed this statement, concluding that it was a conclusory statement and that noting that "[t]he conscious exercise of some selectivity in enforcement is not by itself a federal constitutional violation." (*Id.* at 4–5 (citing *Allred's Produce v. U.S. Dep't of Agric.*, 178

F.3d 743, 748 (5th Cir. 1999).) While Plaintiff includes other allegations directed to the actions of deputies, dispatchers, and Gregg County generally, the Report correctly concludes that Plaintiff provides no well-pleaded facts showing the Gregg County Sheriff's involvement in the alleged violation. And all alleged actions taken by the district attorney fall within the district attorney's prosecutorial capacity. (*See* Dkt. No. 87 at 136–39.) Plaintiff therefore does not show how a policy or policymaker was involved with those actions, so the Court agrees with the conclusion reached in the report. The Magistrate Judge's recommendation to dismiss this claim is therefore ADOPTED.

Plaintiff also objects to the Magistrate Judge's recommendation that his claims against Upshur County for deliberate indifference to Miller's medical needs be dismissed. (Dkt. No. 133 at 6–9.) After review of this portion of the Magistrate Judge's Report, Plaintiff's Objection, and Defendant's Response to that Objection, the Court agrees with the reasoning and ultimate conclusion provided within the Report, so the Magistrate Judge's recommendation to dismiss this claim is ADOPTED.

The remainder of Magistrate Judge Payne's Upshur County Report (Dkt. No. 129) is not objected to. Accordingly, for the reasons set forth in the Report and Recommendation, that Recommendation is ADOPTED. Consequently, both Reports (Dkt. No. 129; Dkt No. 130) have been ADOPTED in full.

**So ORDERED and SIGNED this 14th day of March, 2019.**

_Rodney Gilstrap_
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE